# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-588V

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                *
                                                *
DEBORAH CASTEEL,                                *
                                                *
                           Petitioner,          *    Special Master Katherine E. Oler
                                                *
v.                                              *
                                                *
                                                *
SECRETARY OF HEALTH AND                         *
HUMAN SERVICES,                                 *    Filed: November 2, 2023
                                                *
                           Respondent.          *
                                                *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Ian Fijalkovich*, Elk & Elk Co., Ltd, Mayfield Heights, OH, for Petitioner
*Mallori Openchowski*, U.S. Department of Justice, Washington, DC, for Respondent

## **DECISION DISMISSING PETITION**[1]

**I.    Procedural History**

On May 27, 2022, Deborah Casteel ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging she suffered injuries including Guillain-Barré syndrome ("GBS") from the pneumococcal 13-valent conjugate vaccine she received on May 28, 2019. Pet. at 1, ECF No. 1.

On March 27, 2023, Respondent filed a Rule 4(c) Report stating that entitlement should be denied. Resp't's Rep. at 1, ECF No. 18.  More specifically, Respondent stated that

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

> As a threshold matter, petitioner has not met her burden of showing that she indeed suffered from GBS, the injury on which she bases her claim…. Here, petitioner's contemporaneous records show that petitioner's providers, particularly her treating neurologist, diagnosed her condition as CIDP, not GBS. *See, e.g.,* Pet. Ex. 4 at 26. Petitioner suffered a relapse after "nadir," and required several months of IVIG. In the most recent medical record, neurologist Dr. Lanciano continued to diagnose petitioner with CIDP, despite Petitioner's improved condition. Pet. Ex. 4 at 46.
>
> Petitioner also has not provided the report of a medical expert to support her claim. In the absence of a reputable scientific or medical theory, petitioner's case appears to depend primarily upon statements made by certain treating physicians.

*Id.* at 9-10.

After Respondent's Rule 4(c) Report, Petitioner indicated she wished to file an expert report. Pet'r's Status Rep., ECF No. 21. I issued a non-PDF Order setting a deadline of September 25, 2023 for Petitioner's expert report. That deadline passed with no filings from Petitioner.

I issued an order on October 3, 2023, setting a new deadline of November 2, 2023 for Petitioner to file an expert report.

On November 2, 2023. Petitioner filed the instant motion to dismiss her petition stating

> An investigation of the facts and science supporting her case has demonstrated to Petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program. In these circumstances, to proceed further would be unreasonable and would waste the resources of the Court, the respondent, and the Vaccine Program. Petitioner understands that a decision by the Special Master dismissing her petition will result in a judgment against her. She has been advised that such a judgment will end all of her rights in the Vaccine Program.

ECF No. 22 at 1.

## II. Conclusion

To receive compensation in the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. § 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and, in accordance with her motion, must be dismissed. § 11(c)(1)(A).

As such, **IT IS ORDERED THAT**,

Petitioner's motion for a decision dismissing her petition is **GRANTED** and the petition is hereby **DISMISSED. The Clerk shall enter judgment accordingly.** [3]

If Petitioner wishes to preserve her right to file a civil action in this case, she must file an election in writing with the Clerk of Court indicating her intent to file a civil action for damages within 90 days after entry of judgment. *See* Vaccine Rule 12(a).

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.